FILED

2017 NOV 13 PM 4:38

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DLI ASSETS, LLC,

      Plaintiff,

v.

UNIVERSAL PROCESSING NETWORK, LLC,
and MICHAEL AVERBUKH, an individual,

      Defendants.

Case No.: 6:17-cv-1953-Orl-22GJK

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, DLI Assets, LLC, hereby sues Universal Processing Network, LLC ("Borrower") and Michael Averbukh ("Guarantor") (together, "Defendants"), and alleges:

### NATURE OF THE ACTION

1. This is a civil action for breach of contract against the borrower and guarantor of a written term loan agreement.

### PARTIES

2. DLI Assets, LLC ("DLI") is a limited liability company organized and existing under the laws of the state of Nevada.

3. DLI has one principal place of business located at 1150 Foothill Boulevard, Suite F, La Canada, California 91011.

4. DLI has two members DLI Capital, Inc. ("DLI Capital") and DLI Capital Partner, Inc. ("DCPI").

5. DLI Capital is a corporation organized and existing under the laws of the state of Nevada.

1

6. DCPI is a corporation organized and existing under the laws of the state of Nevada.

7. DLI Capital and DCPI each have only one principal place of business and it is located at 550 N. Brand Blvd., Suite 2000, Glendale, California 91203.

8. MyBusinessLoan.com, LLC ("MBL") is an inactive limited liability company that was organized and existed only under the laws of the state of California.

9. Immediately prior to becoming inactive, MBL's only principal place of business was located at 1901 Camino Vida Roble, Suites 110, Carlsbad, California 92008.

10. MBL had one member, Dealstruck Holdings, Inc. ("Dealstruck Holdings").

11. Dealstruck Holdings is a corporation organized and existing only under the laws of the state of Delaware.

12. Although it is still registered to do business, Dealstruck Holdings' only principal place of business was also located at 1901 Camino Vida Roble, Suites 110, Carlsbad, California 92008.

13. Borrower is a limited liability company organized and existing only under the laws of the state of Florida.

14. Borrower's only principal place of business is located at 7512 Dr Phillips Boulevard, Suite 50-154, Orlando, Florida 32819.

15. Borrower has one member, Guarantor Michael Averbukh.

16. Guarantor is, and at all relevant times was, a resident and citizen only of the state of Florida and is domiciled in Orlando, Florida.

17. Guarantor is and at all relevant times was Borrower's Managing Member.

18. Guarantor is also Borrower's registered agent and Borrower's address for service is 7512 Dr Phillips Boulevard, Suite 50-154, Orlando, Florida 32819.

19. None of the Defendants or any of their members are (1) citizens of the states of California, Nevada, or Delaware, (2) incorporated in the states of California, Nevada, or Delaware, or (3) have a principal place of business in California, Nevada, or Delaware. Plaintiff is only a citizen, within the meaning of 28 U.S.C. § 1332, of California and Nevada. Accordingly, complete diversity jurisdiction exists between the Plaintiff, and its members, and each of the Defendants to this action.

## JURISDICTION AND VENUE

20. Pursuant to 28 U.S. Code § 1332, this Court has original jurisdiction over the subject matter of this action because there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

21. Venue is proper in this District, as the Court has personal jurisdiction over the Defendants, each of whom resides or has an office in Orlando, Florida.

## GENERAL ALLEGATIONS

22. On or about September 12, 2016, MBL and Borrower entered into loan documents for a term loan including: (1) that certain Loan and Security Agreement attached as Exhibit A ("Loan and Security Agreement"); (2) that certain Note attached as Exhibit B ("Note"); (3) that certain Final Loan Request attached as Exhibit C ("Final Loan Request"); and (4) that certain LLC Agreement attached as Exhibit D ("LLC Agreement"). Collectively, the Loan and Security Agreement, Note, Final Loan Request, and LLC Agreement shall be referred to herein as the "Loan Documents."

23. Through the Loan Documents, Borrower borrowed from MBL the principal sum of $300,000.00. The full amount of this loan (the "Loan") and Borrower's indebtedness is evidenced by the Note.

24. The Final Loan Request sets forth the terms of the Loan. Specifically, the Loan was for a term of "78 Bi-Weeks" with an interest rate of 17.99% per annum. Borrower was obligated to make 78 bi-weekly payments in the amount of $4,989.92. The Loan also had an origination fee of $14,970.00.

25. Section 8 of the Loan and Security Agreement specifically provides that if "Borrower shall fail to pay when due any amount of principal, interest or other amount payable hereunder" such failure "shall constitute an '*Event of Default*.'"

26. Section 9 of the Loan and Security Agreement provides that upon the occurrence of an Event of Default, MBL, as lender, could immediately accelerate and collect on the entire outstanding balance of the Loan:

> Lender may without notice or demand declare the entire unpaid principal amount of the Loans, all interest accrued and unpaid thereon and all other amounts payable hereunder to be forthwith due and payable (*provided that*, upon the occurrence of any Event of Default under **Section 8(e)** or **(f)**, such acceleration shall be automatic), whereupon all unpaid principal of the Loans, all such accrued interest and all such other amounts shall become and be forthwith due and payable, without presentment, demand, protest, notice of protest and non-payment, notice of default, notice of acceleration or intention to accelerate, or further notice of any kind, all of which are hereby expressly waived by Borrower, and exercise any or all of Lender's rights and remedies under the Loan Documents, the UCC and other applicable law.

27. Borrower has ceased making payments on the Loan and is in default of the Loan Documents.

28. The total outstanding balance on the Loan owed to DLI is $315,905.86.

29. Sections 11 and 12 of the Loan and Security Agreement require Borrower to indemnify and reimburse MBL for any and all attorneys' fees and other expenses incurred in the enforcement of the Loan and Loan Documents upon an Event of Default.

30. Further, Section 2(f) of the Loan and Security Agreement states that "upon the occurrence and during the continuance of an Event of Default" the interest rate of the loan "shall accrue at a rate equal to the Interest Rate plus 6.0% *provided* that such default rate of interest, when combined with all fees that may be characterized as interest, will not exceed the Maximum Rate [defined in the Loan and Security Agreement as the maximum legal interest rate]." As Borrower is in default, this higher default interest rate should be added to Borrower's outstanding indebtedness under the Loan Documents.

31. On or about September 12, 2016, "[i]n order to induce [MBL] to extend credit to Borrower", Guarantor executed that certain Guaranty agreement (the "Guaranty"). Through the Guaranty, Guarantor "unconditionally and irrevocably guarantee[d] to [MBL] the full and prompt payment when due [...] and performance of all indebtedness, liabilities and other obligations of Borrower to [MBL] under or in connection with the Loan and Security Agreement." A copy of the Guaranty is attached as Exhibit E.

32. Pursuant to Section 13 of the Guaranty, "Guarantor agrees to pay on demand all reasonable costs and expenses of [MBL] and reasonable fees and disbursements of counsel in connection with the enforcement, or preservation of any rights under, this Guaranty."

33. Plaintiff DLI is the assignee of all of Lender's rights and interests in and to the Loan Documents and Loan Guaranty and all monies owed by Defendants thereunder.

34. MBL and DLI have performed each and every one of their obligations under the Loan Documents and the Guaranty.

35. Borrower, through the Loan Documents, and Guarantor, through the Guaranty, have expressly waived their rights to a trial by jury.

36. All conditions precedent to bringing this action have occurred or been waived.

37. DLI retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

### COUNT I: BREACH OF LOAN DOCUMENTS AGAINST BORROWER

38. The allegations contained in paragraphs 1–37 above are hereby re-alleged and incorporated as if fully set forth herein.

39. Borrower and MBL entered into the Loan Documents pursuant to which Borrower was obligated to repay the Loan pursuant to the terms set forth in the Loan Documents.

40. Borrower ceased making the required payments on the Loan and is in default of its obligations under the Loan Documents.

41. As Borrower is in default of the Loan Documents, all amounts owed by Borrower under same are now immediately due and owing to DLI as Lender's successor-in-interest and assignee.

42. As a direct and proximate result of Borrower's breach of the Loan Documents, DLI has been damaged in an amount not currently known and according to proof, but at least $315,905.86, together with interest at the agreed upon default rate.

**WHEREFORE**, DLI Assets, LLC respectfully requests the Court:

A. enter judgment against Borrower for damages including general, special, consequential and compensatory damages in an amount of at least $315,905.86;

B. award DLI interest, including pre-judgment interest, at the maximum legal rate;

C. award DLI the amount of its reasonable attorneys' fees and costs and for costs of suit; and

D. award DLI such other and further relief as the Court deems just and proper.

## COUNT II: BREACH OF GUARANTY AGAINST GUARANTOR

43. The allegations contained in paragraphs 1–42 above are hereby re-alleged and incorporated as if fully set forth herein.

44. The Guaranty requires Guarantor to make all payments under the Loan Documents if Borrower fails to perform its obligations or defaults under the Loan Documents.

45. Borrower has ceased making the payments required by the Loan Documents and is in breach thereof.

46. Borrower has defaulted under, and is in breach of, the Loan Documents thereby causing DLI damage for which Guarantor is jointly and severally liable to DLI.

47. Borrower's indebtedness has not been satisfied by Guarantor and, as a result, Guarantor is in breach of the Guaranty.

48. As a direct and proximate result of Guarantor's breach of the Guaranty, DLI as successor-in-interest to MBL has been damaged in an amount not currently known and according to proof, but at least $315,905.86, together with interest at the agreed upon default rate.

**WHEREFORE**, DLI Assets, LLC respectfully requests the Court:

A. enter judgment against Guarantor for damages including general, special, consequential and compensatory damages in an amount of at least $315,905.86;

B. award DLI interest, including pre-judgment interest, at the maximum legal rate;

C. award DLI the amount of its reasonable attorneys' fees and costs and for costs of suit; and

D. award DLI such other and further relief as the Court deems just and proper.

Dated November 9, 2017

               Respectfully submitted,

               LIPSCOMB & PARTNERS, PLLC

               By: /s/ *Angela M. Lipscomb*
               **Angela M. Lipscomb**
               Florida Bar No. 31111
               al@lipscombpartners.com
               25 SE 2nd Ave, 8th Floor
               Miami, FL  33131
               Telephone:  (786) 431-2228
               Facsimile:   (786) 431-2229
               *Attorneys for Plaintiff*