# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DLI ASSETS, LLC,**

      **Plaintiff,**

v.                                                       **Case No: 6:17-cv-1953-ACC-DCI**

**UNIVERSAL PROCESSING
NETWORK, LLC and MICHAEL
AVERBUKH,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     Motion for Miscellaneous Relief (Doc. 42)
>
> **FILED:**       March 2, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On April 4, 2022, Regions Bank (Garnishee) filed its answer to the writ of garnishment in this case, stating that it held $2,871.57 in a checking account and a safe deposit box (the contents of which are unknown). Doc. 38. By Order dated April 13, 2022, the Court denied Plaintiff's motion for an order to allow entry in the safe box finding that Plaintiff failed to comply with Local Rule 3.01(g). Doc. 41. The Court also found that it:

> does not yet know what is in the Safe Box, thus it is also premature to make a determination of ownership of whatever items are included in the Safe Box. The Court also notes that Plaintiff did not provide a protocol to open the Safe Box and to inventory its contents, if such contents were to be found.

*Id*. at 3.

Pending before the Court is Plaintiff's Amended Motion for Order Allowing Entry into Safe Deposit Box. Doc. 42 (the Motion). Plaintiff states that it "does not have the key for entry to the Safe Deposit Box, and needs an Order directing Garnishee, Regions Bank, N.A. to have the Safe Deposit Box opened and the proceeds inventoried and reported to the Court." *Id*. at 1. Plaintiff states that if it seeks to take possession of any contents of the inventory it will file a motion and Garnishee will retain possession pending any further motion. *Id*. at 2. Plaintiff asserts that Plaintiff's judgment remains unpaid and it is entitled to have any valuables owned by Defendant in the Garnishee's possession with an aggregate not to exceed that amount. *Id*.

Upon due consideration, the Motion (Doc. 42) is due to be denied. Again, Plaintiff has failed to comply with Local Rule 3.01(g). While Plaintiff cites to the rule and states that counsel has been unable to contact Defendant for conferral, the Local Rule requires the following:

> *Unavailability*. If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for three days to contact the opposing party. Promptly after either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in a sanction.

Local Rule 3.01(g)(3) (emphasis in the original). Plaintiff has not filed such a supplement and, therefore, the Motion is fatally deficient.

Also, the Motion is due to be denied for failure to comply with Local Rule 3.01(a). Namely, Plaintiff does not include a legal memorandum of law in support of the request. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than

twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). Unlike Plaintiff's April 11, 2022 request for an order permitting entry into the safe deposit box, it appears that instant Motion attempts to provide some protocol to open and inventory the contents. However, with no citation to authority, the Court is unable to determine if Plaintiff's proposal is appropriate and Plaintiff is otherwise entitled to relief.

Based on the foregoing, the Motion (Doc. 42) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on March 24, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties